**PAHL & McCAY**
A Professional Corporation
**Stephen D. Pahl, Esq.** (State Bar No. 95900)
**Ginger L. Sotelo, Esq.** (State Bar No.210429)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone No.: (408) 286-5100
Facsimile No.: (408) 286-5722

Attorneys for Plaintiff
PS BUSINESS PARKS, LP

ADR

FILED
2009 JUN 22 P 1:28
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-filing

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JF

| | |
|---|---|
| PS BUSINESS PARKS, LP,<br><br>Plaintiff,<br><br>v.<br><br>PYCON, INC., PHILIP WONG, BERNIE CHONG, DANIEL CHEN, TECHNITRON, INC., AYUB RAJPUT, ISHAQUE RAJPUT, GUL HAMID, JOHN PAPAGNI, and ROBB EVANS & ASSOCIATES, LLC,<br><br>Defendants. | Case No. C09 02759<br><br>**COMPLAINT FOR RECOVERY OF RESPONSE COSTS, NEGLIGENCE, NUISANCE, INDEMNIFICATION, BREACH OF LEASE, AND BREACH OF GUARANTY**<br><br>PVT |

Comes now, Plaintiff PS BUSINESS PARKS, LP and complains of Defendants PYCON, INC., TECHNITRON, INC., AYUB RAJPUT, ISHAQUE RAJPUT, GUL HAMID, JOHN PAPAGNI and ROBB EVANS & ASSOCIATES, LLC, and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff PS BUSINESS PARKS, LP (hereafter "Plaintiff" or "PSBP") is a limited partnership with its principal place of business located in the County of Los Angeles, State of California.

2. At all times relevant herein, PSBP was the owner of premises located at 3301 Leonard Court, Santa Clara, California ("3301 Leonard") and 3501 Leonard Court, Santa Clara, California, inclusive of 3521 Leonard Court, ("3501 Leonard Court").

3. Plaintiff is informed and believes and thereon alleges that Defendant PYCON, INC. (hereafter "PYCON"), is a corporation authorized to do business in California, with its principal place of business in the County of Santa Clara, State of California.

4. Plaintiff is informed and believes and thereon alleges that at all time relevant herein, Defendant PHILIP WONG (hereafter "WONG"), an individual, was a resident of the County of San Mateo, State of California.

5. Plaintiff is informed and believes and thereon alleges that at all time relevant herein, Defendant BERNIE CHONG (hereafter "CHONG"), an individual, was a resident of the County of San Mateo, State of California.

6. Plaintiff is informed and believes and thereon alleges that at all time relevant herein, Defendant DANIEL CHEN (hereafter "CHEN"), an individual, was a resident of the County of San Mateo, State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant TECHNITRON, INC. (hereafter "TECHNITRON"), is a corporation authorized to do business in California, with its principal place of business in the County of Santa Cruz, State of California.

8. Plaintiff is informed and believes and thereon alleges that at all time relevant herein, Defendant AYUB RAJPUT (hereafter "A. RAJPUT"), an individual, was a resident of the County of San Mateo, State of California.

9. Plaintiff is informed and believes and thereon alleges that at all time relevant herein, Defendant ISHAQUE RAJPUT (hereafter "I. RAJPUT"), an individual, was a resident of the County of San Mateo, State of California.

10. Plaintiff is informed and believes and thereon alleges that at all time relevant herein, Defendant GUL HAMID (hereafter "HAMID"), an individual, was a resident of the County of Santa Clara, State of California.

11. Plaintiff is informed and believes and thereon alleges that at all time relevant herein, Defendant JOHN PAPAGNI (hereafter "PAPAGNI"), an individual, was a resident

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

of the County of Santa Clara, State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant ROBB EVANS & ASSOCIATES, LLC, ("ROBB EVANS") is a limited liability company authorized to do business in California with its principal place of business in Los Angeles County.

13. Plaintiff PSBP brings this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, et seq., and state law theories.

14. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 9613(b).

15. Venue is appropriate for this action pursuant to 42 U.S.C. § 9613(b), because 3301 Leonard and 3501 Leonard Avenue is located within the County of Santa Clara.

**PYCON LEASE AGREEMENT**

16. On or about August 30, 2004, PSBP and PYCON entered into a lease agreement for the lease of 3301 Leonard and 3501 Leonard for a term commencing on September 1, 2004, and ending on August 31, 2014. On June 12, 2008, PSBP and PYCON amended the lease to reduce the total rented square footage of 3501 Leonard to approximately 20,900 square feet (a reduction of approximately 47,672 square feet). The lease and relevant amendment (hereafter "Pycon Lease") are attached hereto as **Exhibit A** and are incorporated herein.

17. Pursuant to Paragraph 1.07 of the Pycon Lease, PYCON was authorized to use the 3301 Leonard and 3501 Leonard to print and assemble circuit boards and component designs, and conduct related functions.

18. Under the terms and conditions of the Pycon Lease, PYCON agreed to undertake obligations including, but not limited to, the payment of monthly installments of rent as stated in the Pycon Lease, in addition to the payment of common area charges, insurance and other rent charges as set forth in the Pycon Lease

19. Pursuant to Paragraph 5 of the Pycon Lease, PYCON agreed that if any sum

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

payable under the Pycon Lease was not paid when due, PYCON would pay a late charge equal to the greater of (a) $50.00 or (b) 10% of the then delinquent amount.

20. Pursuant to Section 14 of the Lease, PYCON was required to make a hazardous material disclosure accurately describing any hazardous materials that PYCON intended to bring to the 3301 Leonard and 3501 Leonard, to identify the location where the hazardous materials would be stored, and to identify the method of storing the hazardous materials, all of which was to occur prior to taking occupancy of the 3301 Leonard and 3501 Leonard ("Pycon Disclosure"). PYCON was prohibited from making use of the hazardous materials except as described in the Pycon Disclosure or as agreed by the written consent of PSBP. PYCON further agreed that upon the expiration or early termination of the Pycon Lease it would remove all hazardous materials from 3301 Leonard and 3501 Leonard in compliance with all applicable disposal laws; and in the event that PYCON's use of the hazardous materials resulted in a release, discharge or disposal of hazardous materials onto 3301 Leonard and 3501 Leonard, PYCON agreed to investigate, clean up, remove or remediate such hazardous materials in compliance with all applicable hazardous material laws.

21. Pursuant to paragraph 20 of the Pycon Lease, a default of the lease will occur upon, among other things, (1) PYCON's failure to pay rent when due and (2) PYCON's failure to perform the non-monetary terms, covenants, conditions, provisions, or rules and regulations of the Pycon Lease despite notice and opportunity to cure.

22. Paragraph 24 of the Pycon Lease provides that in action or proceeding to enforce the terms of the Pycon Lease the prevailing party will be entitled to recover actual costs and expenses, including attorneys' fees.

23. As a condition and material inducement to execution of the Lease, Defendants A. RAJPUT, I. RAJPUT, and GUL HAMID ("Guarantors") executed a guaranty whereunder they agreed to remove and/or clean up any hazardous materials at 3301 Leonard and 3501 Leonard that were associated with the use of those spaces during the term of the guaranty, and to be responsible for the removal and clean up (hereafter "Guaranty"). A true

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

and correct copy of the Guaranty is attached hereto as **Exhibit B** and is incorporated herein.

24. ROBB EVANS, as a receiver for Cathay Bank, took possession of 3501 Leonard on or about April 14, 2009 pursuant to a court order, and began efforts to liquidated PYCON's assets.

25. PYCON, through ROBB EVANS, abandoned 3301 Leonard on April 15, 2009.

26. On or about June 2, 2009, PSBP served PYCON with a Notice of Belief of Abandonment, concerning that portion of 3501 Leonard then occupied by PYCON.

**TECHNITRON LEASE AGREEMENT**

27. On or about June 12, 2008, PSBP and TECHNITRON entered into a lease agreement for the lease of approximately 47, 672 square feet of 3501 Leonard. The space leased constituted that certain square footage previously leased by PYCON. The lease (hereafter "Technitron Lease") is attached hereto as **Exhibit C** and incorporated herein.

28. Under the terms and conditions of the Technitron Lease, TECHNITRON agreed to undertake obligations including, but not limited to, the payment of monthly installments of rent as stated in the Technitron Lease, in addition to the payment of common area charges, insurance and other rent charges as set forth in the Technitron Lease.

29. Pursuant to Paragraph 4 of the Technitron Lease, TECHNITRON agreed that if any sum payable under the Technitron Lease was not paid when due, TECHNITRON would pay a late charges equal to the greater of (a) $50.00 or (b) 7.5% or the highest per annum rate of interest permitted by law.

30. Under the Technitron Lease, TECHNITRON was authorized to use 3501 Leonard for printed circuit board and component design and related assembly and general office use.

31. Pursuant to Section 13 of the Technitron Lease, TECHNITRON was required to make a hazardous material disclosure, accurately describing any hazardous materials that TECHNITRON intended to bring to the 3501 Leonard ("Tech. Disclosure"). TECHNITRON agreed to handle, use, keep, store and dispose of the hazardous materials in

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

compliance with all applicable laws, and to take appropriate investigatory and remedial action should any contamination of 3501 Leonard occur. TECHNITRON was prohibited from making use of the hazardous materials except as described in its Tech Disclosure or as agreed by the written consent of PSBP. PSBP in turn was granted the right to enter onto 3501 Leonard, upon reasonable belief that contamination has occurred, and to investigate any possible contamination. TECHNITRON further agreed that upon the expiration or early termination of the Technitron Lease it would be solely responsible for compliance with all hazardous material laws concerning the condition of 3501 Leonard and the presence of hazardous materials at 3501 Leonard.

32. Pursuant to paragraph 17 of the Lease, a default of the lease will occur upon, among other things, (1) TECHNITRON's failure to pay rent when due or (2) TECHNITRON's failure to perform the non-monetary terms, covenants, conditions, provisions, or rules and regulations of the Technitron Lease despite notice and opportunity to cure.

33. Under Paragraph 27.10 of the Technitron Lease TECHNITRON agreed that should it become necessary for PSBP to employ or consult an attorney to enforce or defend its rights under the lease then TECHNITRON would pay all costs and fees incurred by PSBP, including reasonable attorneys' fees.

34. On May 5, 2009, possession of 3501 Leonard was returned to PSBP from TECHNITRON following the execution of a Writ of Possession obtained by PSBP following the entry of a default judgment in Santa Clara County Superior Court Case No. 109CV137678, entitled PS Business Parks, LP v. TECHNITRON, Inc.

## RELEASE OF CONTAMINANTS

35. PSBP alleges that large quantities of hazardous materials, substances and waste products ("Contaminants") associated with the processes used by Defendants PYCON and TECHNITRON were and are stored and used at 3301 Leonard and 3501 Leonard.

36. On or about March 10, 2009, the Santa Clara Fire Department issued a violation notice to PYCON requiring that PYCON complete the closure permit process by

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

an approved hazardous waste company and that it obtain a closure permit.

37. On or about April 20, 2009, the Santa Clara Fire Department issued a violation notice to TECHNITRON requiring that TECHNITRON (1) apply for a closure permit prior to the removal of any hazardous material and/or equipment that uses or stores hazardous materials, (2) secure tanks containing hazardous materials from unauthorized tampering, and (3) hire an environmental clean up company to appropriately clean 3501 Leonard of all hazardous materials.

38. On or about April 20, 2009, the Santa Clara Fire Department issued a violation notice to PSBP requiring that PSBP prevent the removal of any and all equipment and materials from 3301 Leonard and 3501 Leonard until an approved closure permit has been issued.

39. As of the date of this complaint, neither PYCON or TECHNITRON have taken any action to obtain the required closure permits for 3301 Leonard and 3501 Leonard.

40. PSBP is informed and believes and thereon alleges that 3301 Leonard and 3501 Leonard have suffered contamination caused by releases (the "Releases") of the Contaminants from the operations conducted by Defendants PYCON and TECHNITRON during the time they occupied the 3301 Leonard and 3501 Leonard , and that Contaminants were left at the Premises by PYCON and TECHNITRON when possession of 3301 Leonard and 3501 Leonard was returned to PSBP.

41. PSBP is informed and believes and thereon alleges that any release of Contaminants at 3301 Leonard and 3501 Leonard by PYCON and TECHNITRON was illegal, overtly dangerous, harmful to the environment, and a threat to public health.

42. PYCON and TECHNITRON knew or should have known the dangerous nature of the Contaminants, and that some of the Contaminants are toxic or carcinogenic and regulated as hazardous wastes and hazardous substances.

43. Contaminants were discharged at 3301 Leonard and 3501 Leonard which contaminated the soils and groundwater at 3301 Leonard and 3501 Leonard , and at and around the building and project in which 3301 Leonard and 3501 Leonard are located.

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

44. PYCON and TECHNITRON knew or should have known that surface, subterranean, and other conditions were such that it was inevitable and foreseeable that the Contamination would be caused by the Releases and persist into the present time.

45. As PYCON and TECHNITRON knew or should have known, and as a foreseeable and inevitable consequence of their actions, some of the Contaminants generated by their operations PYCON and TECHNITRON at 3301 Leonard and 3501 Leonard would cause the current and continued Contamination of the Premises.

46. As a direct, proximate, and natural consequence of the Contamination of 3301 Leonard and 3501 Leonard , and the failure of PYCON and TECHNITRON to obtain necessary closure permits: 1) 3301 Leonard and 3501 Leonard have been damaged and stigmatized, and either are not marketable, or have been severely devalued; and 2) PSBP has and will incur various response costs, costs to undertake appropriate environmental investigations and it may be necessary for PSBP to incur additional costs to further investigate and respond to the Contamination.

**FIRST CLAIM FOR RELIEF**

(Liability under CERCLA §§ 107 and 113 as to all Defendants)

47. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

48. Some of the Contaminants released from 3301 Leonard and 3501 Leonard are "hazardous substances," as defined by CERCLA § 101(14), 42 U.S.C. § 9601(9).

49. 3301 Leonard and 3501 Leonard are both a "facility," as defined in CERCLA § 101(9), 42 U.S.C. § 9601(9).

50. Defendants PYCON, WONG, CHONG, CHEN, A. RAJPUT, I. RAJPUT, G. HAMID, TECHNITRON, and PAGAGNI were all "owners" or "operators," as defined by CERCLA § 101(20), 42 U.S.C. §9601(20), at the time of the releases of hazardous substances from 3501 Leonard.

51. Defendants PYCON, WONG, CHONG, CHEN, A. RAJPUT, I. RAJPUT, G. HAMID, and ROBB EVANS were all "owners" or "operators," as defined by CERCLA

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

§ 101(20), 42 U.S.C. §9601(20), at the time of the releases of hazardous substances from 3301 Leonard.

52. All response costs incurred by Plaintiff in connection with the Contamination have been consistent with the National Contingency Plan and are recoverable pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a).

53. Pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), Defendants are liable and responsible for investigation, cleanup, remediation and removal of the Contamination, and for all of PSBP's past and future response costs that are attributable to their conduct.

54. Pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), this Court should allocate and direct Defendants to pay all response costs incurred by PSBP that are equitably attributable to Defendants and direct them to conduct any remedial activities that may be necessary as a result of the Contamination. Plaintiff's current estimates identify costs of at least Seven Hundred Sixty One Thousand One Hundred Thirty Five Dollars ($761,135.00) for the clean up and remediation of 3301 Leonard and 3501 Leonard.

WHEREFORE, PSBP prays for judgment against Defendants as set forth in the Prayer for Relief below.

**SECOND CLAIM FOR RELIEF**

(Negligence as to all Defendants)

55. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

56. Defendants owed a duty of care to Plaintiff with regard to their activities at 3301 Leonard and 3501 Leonard which resulted in the generation, disposal, management, and continued release and migration of the Contaminants.

57. Defendants acted unreasonably and negligently in causing the Contamination, failed to take reasonable precautions necessary to avoid the Contamination or remediate it, or failed to appropriately clean and close 3301 Leonard and 3501 Leonard, and those acts and omissions were the direct and proximate cause of the damages to PSBP.

58. Defendants, by reason of their negligence, are liable for all of the damages to

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

PSBP proximately caused by the Contamination, the costs to remediate the Contamination, for any costs related to obtaining a closure permit and remove all hazardous materials therefrom, and for the loss of property value and/or rental revenue as a result of PSBP's inability to sell or rent 3301 Leonard and 3501 Leonard because of the Contamination and/or the failure of Defendants to obtain the proper closure permits and to remove all hazardous materials.

WHEREFORE, Plaintiff PSBP prays for judgment against Defendants as set forth in the Prayer for Relief below.

**THIRD CLAIM FOR RELIEF**

(Strict Liability as against all Defendants)

59. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

60. The generation and disposal of the Contaminants was an abnormally hazardous activity.

61. Defendants, by engaging in abnormally hazardous activities, are strictly liable, without regard to fault, for all of the damages to PSBP proximately caused by the Contamination, including the costs to remediate the Contamination, and for the loss of property value and/or rental revenue as a result of Plaintiffs inability to sell or rent the 3301 Leonard and 3501 Leonard because of the Contamination and/or during the time it takes to obtain a closure plan.

WHEREFORE, Plaintiff PSBP prays for judgment against Defendants as set forth in the Prayer for Relief below.

**FOURTH CLAIM FOR RELIEF**

(Private Nuisance as to all Defendants)

62. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

63. Defendants, by their acts or omissions, or the acts or omissions of their agents or employees, have caused an unreasonable and substantial interference with PSBP's

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

right to use and enjoy 3301 Leonard and 3501 Leonard.

64. Further, as a result of the contamination at 3301 Leonard and 3501 Leonard, PSBP has been unable to sell or re-lease the Premises.

65. Defendants, by reason of this private nuisance, are liable for all of the damages to Plaintiff proximately caused by the Contamination, for the expenses to remediate the Contamination, and for the loss of property valley and/or rental revenue as a result of Plaintiff's inability to sell or rent 3301 Leonard and 3501 Leonard because of the Contamination and/or the failure to properly remove the Contaminants.

WHEREFORE, Plaintiff PSBP prays for judgment against Defendants as set forth in the Prayer for Relief below.

## FIFTH CLAIM FOR RELIEF

(Common Law Indemnity as to all Defendants)

66. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

67. The Contamination at 3301 Leonard and 3501 Leonard was caused by Defendants.

68. All costs associated with investigating or remediating 3301 Leonard and 3501 Leonard are the responsibility of Defendants pursuant to CERCLA and the common law of the State of California.

69. Any costs born by PSBP for investigating or remediating the Premises are a result solely of Defendants' actions at 3301 Leonard and 3501 Leonard and PSBP is entitled to be indemnified by Defendants for all PSBP's costs associated with the investigation or remediation of 3301 Leonard and 3501 Leonard that are attributable to their conduct.

WHEREFORE, Plaintiff PSBP prays for judgment against Defendants as set forth in the Prayer for Relief below.

///

///

///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

**SIXTH CLAIM FOR RELIEF**

(Breach of Contract as to Defendant PYCON)

70. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

71. PYCON is in default and material breach of the Pycon Lease by failing and refusing to take appropriate remedial actions to remove hazardous materials from the Premises and to obtain a closure permit, the costs of which are no less than Seven Hundred Sixty One Thousand One Hundred Thirty Five Dollars ($761,135.00), and by failing and refusing to pay rent due and owing for the months of May and June 2009 in the amount of One Hundred Thirty Seven Thousand Seven Hundred Fifty Three Dollars and 04/100 ($137,753.04), exclusive of late fees and additional rent charges.

72. As the Pycon Lease is now in default Defendant PYCON is also liable for all rents due under the remaining term of the Lease. Rent from July 1, 2009, through the expiration of the lease term on August 31, 2014, equals at least Six Million Nine Hundred Five Thousand Two Hundred Eighty Dollars and 40/100 ($6,905,280.40).

73. PSBP has duly performed all of the terms, covenants and conditions of the Pycon Lease to be performed on its part.

74. As a proximate result of PYCON's breach of the Pycon Lease, PSBP has and will suffer damages in an amount no less than Seven Million Forty Three Thousand Thirty Three Dollars and 44/100 ($7,043,033.44).

75. The Pycon Lease provides that the PYCON agree to pay all attorney's fees and other costs which may be incurred by PSBP in any way, arising out of, following, or consequential to the enforcement of PYCON's obligations, whether under the Guaranty or the Pycon Lease, or otherwise. PSBP has employed the services of the law firm of Pahl & McCay, a Professional Corporation, to enforce its rights under the Pycon Lease, and has incurred and will continue to incur legal fees and costs as a result.

WHEREFORE, Plaintiff PSBP prays for judgment against Defendants PYCON as set forth in the Prayer for Relief below.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

**SEVENTH CLAIM FOR RELIEF**

(Breach of Contract as to Defendant TECHNITRON)

76. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

77. TECHNITRON is in default and material breach of the Technitron Lease by failing and refusing to take appropriate remedial actions to remove hazardous materials from 3501 Leonard and to obtain a closure permit, the costs of which are no less than Seven Hundred Sixty One Thousand One Hundred Thirty Five Dollars ($761,135.00); and by failing and refusing to pay amounts due and owing under the Lease in the amount of One Hundred Thirty Three Thousand One Hundred Seventy Three Dollars ($133,173.00) for the months of March through June 2009, exclusive of late fees and additional rent charges.

78. As the Technitron Lease is now in default TECHNITRON is also liable for all rents due under the remaining term of the Technitron Lease. Rent from July 1, 2009, through the expiration of the lease term on August 31, 2018, equals at least Seven Million One Hundred Fourteen Thousand Five Hundred Five Dollars and 22/100 ($7,114,505.20).

79. PSBP has duly performed all of the terms, covenants and conditions of the Technitron Lease to be performed on its part.

80. As a proximate result of TECHNITRON's breach of the Technitron Lease, PSBP has and will suffer damages in an amount no less than Seven Million Two Hundred Forty Seven Thousand Six Hundred Seventy Eight Dollars and 20/100 ($7,247,678.20).

81. The Technitron Lease provides that the Technitron agree to pay all attorney's fees and other costs which may be incurred by PSBP in any way, arising out of, following, or consequential to the enforcement of the Technitron's obligations, whether under the Guaranty or the Pycon Lease, or otherwise. PSBP has employed the services of the law firm of Pahl & McCay, a Professional Corporation, to enforce its rights under the Technitron Lease, and has incurred and will continue to incur legal fees and costs as a result.

WHEREFORE, Plaintiff PSBP prays for judgment against Defendant TECHNITRON as set forth in the Prayer for Relief below.

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

## EIGHTH CLAIM FOR RELIEF

(Breach of Contract as to Defendant A. RAJPUT, ISHAQUE RAJPUT, and HAMID)

82. Plaintiff realleges and incorporates into this cause of action each and every foregoing paragraph, as though fully set forth herein.

83. Guarantors executed the Guaranty expressly agreeing to be responsible for the cleanup and/or removal of the Contaminants.

84. PSBP has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of the Guaranty.

85. Guarantors are in breach of the Guaranty by failing to ensure that PYCON comply with the terms of the Pycon Lease by among other things, failing to remove all hazardous materials from the Premises and failing to remediate the Contamination at the Premises caused by PYCON; and in failing to individually take appropriate action to remediate the Contamination at the Premises caused by PYCON.

86. As a result of the Guarantors' breach of the Guaranty, PSBP has suffered and will suffer damages in an amount to be proven at trial for the remediation and removal of the contaminants of no less than Seven Hundred Sixty One Thousand One Hundred Thirty Five Dollars and 00/100 ($761,135.00).

87. The Guaranty Agreement provides that the Guarantors agree to pay all attorney's fees and other costs which may be incurred by PSBP in any way, arising out of, following, or consequential to the enforcement of the Guarantors' obligations, whether under the Guaranty or the Pycon Lease, or otherwise. PSBP has employed the services of the law firm of Pahl & McCay, a Professional Corporation, to enforce its rights under the Guaranty Agreement, and has incurred and will continue to incur legal fees and costs as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PS BUSINESS PARK L.P., prays for judgment against Defendants PYCON, INC., PHILIP WONG, BERNIE CHONG, DANIEL CHEN, TECNHNITRON, INC., AYUB RAJPUT, ISHAQUE RAJPUT, GUL HAMID, JOHN

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

PAPAGNI, and ROBB EVANS & ASSOCIATES, LLC, and each of them, as follows:

**As to the First, Second, Third, Fourth, and Fifth Causes of Action:**

1. For compensatory damages and past and future response costs in an amount of at least Seven Hundred Sixty One Thousand One Hundred Thirty Five Dollars ($761,135.00);

2. For an injunction directing Defendants to remove, remediate, or cleanup the Contaminants at 3301 Leonard and 3501 Leonard;

3. Declaring, pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that Defendants are liable for any future response costs and remediation in relation to the Contamination;

**As to the Sixth Cause of Action:**

4. For compensatory damages of at least Seven Million Forty Three Thousand Thirty Three Dollars and 44/100 ($7,043,033.44);

**As to the Seventh Cause of Action:**

5. For compensatory damages of at least Seven Million Two Hundred Forty Seven Thousand Six Hundred Seventy Eight Dollars and 20/100 ($7,247,678.20);

**As to the Eighth Cause of Action:**

6. For compensatory damages of at least Seven Hundred Sixty One Thousand One Hundred Thirty Five Dollars and 00/100 ($761,135.00).

**As to All Causes of Action:**

7. For attorneys' fees;

8. For costs of suit incurred herein; and,

9. For such other and further relief as the Court deems just and proper.

DATED: June 19, 2009

PAHL & McCAY
A Professional Corporation

By: ______________________
Ginger L. Sotelo
Attorneys for Plaintiff
PS BUSINESS PARK, LP

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: June 19, 2009

PAHL & McCAY
A Professional Corporation

By: ____________________
Ginger L. Sotelo

Attorneys for Plaintiff
PS BUSINESS PARKS

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100